## JOHN A. SWADNER v. J. FRANCIS SCHEFCIK.[1]

January 9, 1914.

Nos. 18,309—(167).

**Malpractice — question for jury — opinion evidence.**

In this, an action for malpractice, it is *held:*

(1) There was evidence sufficient to take the case to the jury, tending to show that certain operations performed by defendant ought not to have been performed at the time they were and under the conditions that then existed.

(2) One who is not a medical expert may testify that he had a cold, and such testimony is a sufficient basis for expert opinion evidence as to the propriety of an operation under such conditions.

[1] Reported in 144 N. W. 958.

Action in the district court for Hennepin county to recover $5,-545.35 for malpractice. The case was tried before Hale, J., who denied defendant's motions to dismiss the action and to direct a verdict in his favor, and a jury which returned a verdict for $650 in favor of plaintiff. From an order denying his motion for judgment notwithstanding the verdict and granting a new trial, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall* and *Charles H. Weyl,* for appellant.

*Einar Hoidale, H. L. Hoidale* and *Ludvig Arctander,* for respondent.

BUNN, J.

This is a malpractice case. There was a verdict for plaintiff. Defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was denied in so far as it asked judgment notwithstanding the verdict, but a new trial was granted. Defendant appealed from the order.

The only question before us on this appeal is whether there was evidence to take the case to the jury. Manifestly, the motion for a new trial having been granted, we cannot consider alleged errors in the admission of evidence or the sufficiency of the evidence to sustain the verdict.

Plaintiff consulted defendant for catarrh, from which he had for years been a sufferer. He testified that he had a cold, and so informed defendant. Defendant performed two operations on the nose, removing the anterior ends of the lower turbinals. After the second of these operations, a mastoid abscess appeared, and there was another operation for this. The mastoid operation left a depression in the head back of the left ear, which some months afterwards was filled with paraffin injected under the skin. The paraffin was thus injected three times, but each time sloughed out.

The first charge of improper treatment was that the first operations were performed while the patient had a severe cold, and that this was improper because of the acute inflammation in the mucous membrane lining the nasal cavity. It was claimed that defendant should have first reduced the inflammation, and that his operating

without so doing caused the mastoid abscess. The other charges relate to the manner of performing the mastoid operation, and of injecting the paraffin.

We have examined the evidence and have no difficulty in reaching the conclusion that there was evidence which justified submitting to the jury the question whether it was ordinary care and skill to perform the operations on the nose at the time and under the conditions that existed.

Plaintiff testified that he had a severe cold at the time, and that he so informed the defendant. Defendant urges that this testimony was incompetent, or at least insufficient as the basis for the opinions of the experts who testified to the impropriety of an operation under such conditions. It is true that, ordinarily, one who is not a medical expert is not permitted to diagnose his own or another's case, but we think the prohibition does not extend to testimony of this kind. One who is suffering from a cold usually knows what ails him, as do others who associate with him. It would be a technical and rather absurd rule that prevented his testifying to facts so within his own knowledge. We are satisfied that the testimony was competent, and of sufficient weight to be the basis of expert opinion. As to the medical testimony, it is sufficient to say that it made the propriety of an operation a question for the jury. We need not discuss the other features of the case.

Order affirmed.